**TEXAS & N. O. R. CO. v. GANN.**

No. 9271.

Court of Civil Appeals of Texas. San Antonio.

March 1, 1934.

Carter & Stiernberg, of Harlingen, for appellant.

Weldon J. Bailey, of San Benito, for appellee.

FLY, Chief Justice.

This is a suit instituted by appellee for the value of certain potatoes alleged by him to have been delivered to appellant for shipment and which were lost or stolen before the car left the siding of the station where they were loaded. The sum sued for was $106.88; the action was instituted in the justice's court; and judgment rendered for the full amount sought by appellee. On appeal to the county court, the court, after hearing the testimony, rendered judgment for the same amount as was rendered in the justice's court. In each of the courts judgment was rendered for $20 as attorney's fees in favor of appellee.

The statement of facts shows that appellee desired to ship a carload of potatoes from Lantana, a flag station on the line of appellant, and that he sought and procured from the agent a certain box car for the purpose into which, on the same day, he loaded a portion of the potatoes desired to be transported. The loading was not completed on the first day, and appellee went to the agent of appellant with a lock which had been furnished some time before to him to be used in locking cars after they had been loaded. Appellee asked the agent to lock the car, which was only partly loaded. This the agent declined to do, stating that he had already placed seals on the car and that would be sufficient. The next morning when appellee returned he found that ninety-five sacks of potatoes, of the value of $106.88, had been taken. At the time the potatoes were taken from the car, no bill of lading had been obtained from the agent and no instructions given for the shipment of them. However, the car had been partially loaded and had been taken possession of by appellant's agent, as evidenced by the placing of seals on the car and the statement to appellee that the placing of the seals on the car was all that was necessary for the protection of the potatoes during the night. The thieves did not seem to have the same respect for the seals as that evinced by the agent of appellant, because they broke the only one that was necessary to be broken in order to get the potatoes desired by them.

We conclude that the facts show the potatoes were placed in the possession of appellant and accepted by the agent, and, while not liable as a common carrier, still it made itself liable as a warehouseman, and was called upon to exercise at least ordinary care in the protection of the property. Such care was not exercised by appellant, but, on the other hand, there was negligence in failing and refusing to lock the car and depending only on a seal to protect the car from those who desired to loot it. No error has been indicated by appellant, and we are of the opinion that the judgment of the county court should be affirmed, after the elimination of the attorney's fee of $20. There was no evidence that the fee was a reasonable one, and in such cases the parties seeking damages cannot recover the attorney's fees. As above indicated, the judgment is affirmed after striking out and eliminating the $20 attorney's fee.

Reformed and affirmed.